## SWITZER v. J. N. COLLINS CO.

Court of Appeals of District of Columbia.

Submitted November 17, 1927. Decided December 5, 1927.

No. 1976.

Trade-marks and trade-names and unfair competition ⬖59(1)—Trade-mark "Honeymels," for use on candy, held not infringement on prior mark "Buttermels."

Trade-mark "Honeymels," for use on candy, *held* not infringement on prior mark "Buttermels" as trade-mark for candy; common suffix "mels" having been borrowed by both parties with descriptive terms, forming a combination with descriptive feature.

Appeal from the Commissioner of Patents.

Opposition by Frederick M. Switzer to the registration of a trade-mark by the J. N. Collins Company. From the decision, the opposer appeals. Affirmed.

E. T. Fenwick and E. G. Fenwick, both of Washington, D. C., for appellant.

A. C. Paul, of Minneapolis, Minn., and W. G. Henderson, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. Appellant opposes the registration by appellee of the trade-mark "Honeymels" for use on candy. The opposer is the prior user of the mark "Buttermels" as a trade-mark for candy.

Unquestionably the words "butter" and "honey," standing alone, are descriptive; but, when joined to the suffix "mels," they are nothing more than suggestive, and are subject to use as valid trade-marks. The suffix "mels," meaning sweets, has had a use on candy in connection with the mark "caramels" long prior to the adoption and use of opposer's mark. Indeed, the name "caramels" is a common one, extensively employed to refer to candy mixtures of a popular kind. Both parties have borrowed this suffix, and by combination with descriptive terms have constructed legitimate trade-marks. The suffix "mels" being common to both marks, the distinctive feature is between the words "honey" and "butter." It was properly held by the Commissioner that no confusion could arise from the use of these two words in connection with the same quality of goods. With this holding we agree.

The decision of the Commissioner is affirmed.